**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

TINA M. EMERSON                                                                                             PLAINTIFF

v.                                               No. 5:13CV00136 JLH-HDY

RAY HOBBS, Director,
Arkansas Department of Correction                                                                DEFENDANT

## ORDER

Tina M. Emerson filed this habeas petition pursuant to 28 U.S.C. § 2254 on May 3, 2013. In part, her petition challenges her 2010 conviction in Clark County, Arkansas, for failing to register as a sex offender. As grounds for the challenge, she contends that her lawyer was ineffective. In addition to challenging her conviction, Emerson asserts numerous claims relating to her conditions of confinement rather than the conviction that resulted in her incarceration. United States Magistrate Judge H. David Young has recommended that her petition be dismissed without prejudice.

As Magistrate Judge Young noted, before commencing this action, Emerson filed a habeas petition in the United States District Court for the Western District of Arkansas, *Emerson v. Hobbs*, Case No. 6:12cv06116, challenging the same conviction and also asserting that her lawyer was ineffective. At the time Judge Young issued his recommended disposition, that case was still pending. On September 13, 2013, the Western District entered judgment against Emerson and dismissed her petition with prejudice. Because Emerson's claims were presented in the Western District of Arkansas and were adjudicated, her present challenge to her conviction must be dismissed. 28 U.S.C. § 2244(b)(1). Magistrate Judge Young recommended that Emerson's petition be dismissed without prejudice to allow her to pursue the claim in the Western District. Now, however, a final judgment has been entered dismissing that claim, so her present petition must be dismissed with prejudice.

As to Emerson's claims that challenge her conditions of confinement, Magistrate Judge Young recommended that those claims be dismissed without prejudice because they are properly brought in a civil rights action under 42 U.S.C. § 1983, not in a habeas petition under 28 U.S.C. § 2254.

For the reasons stated, upon *de novo* review, the Court adopts the recommendation of Magistrate Judge Young, except that Emerson's habeas petition challenging her 2010 conviction is dismissed with prejudice, rather than without prejudice.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. A certificate of appealability will be issued only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). Emerson has not made a substantial showing of a constitutional right. Therefore, no certificate of appealability will be issued.

IT IS SO ORDERED this 18th day of September, 2013.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE